# EXHIBIT 1

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND
## NORTHERN DIVISION

| | |
|---|---|
| CITY OF BALTIMORE, *ex rel.* Ebony Thompson,<br><br>*Plaintiff,*<br><br>      v.<br><br>DRAFTKINGS INC., a Nevada corporation, and FLUTTER ENTERTAINMENT PLC d/b/a FANDUEL INC., an Irish corporation,<br><br>*Defendants*. | Case No.  1:25-cv-01487-SAG<br><br>Hon. Stephanie A. Gallagher |

## DEFENDANTS' SURREPLY IN FURTHER SUPPORT OF DEFENDANTS' OPPOSITION TO CITY OF BALTIMORE'S MOTION TO REMAND

For the first time in its Reply, the City attempts to conflate *Burford* abstention, a narrowly proscribed discretionary doctrine intended to afford deference, in limited circumstances, to **state** regulators or legislators, with a vague and undefined notion that "new" questions of local importance brought by local governments always should be decided by state courts. *See* Reply at 2-3, 9-10. In so doing, the City seeks to create a new bright-line rule that *Burford* permits a local government, proceeding under a purely local ordinance, to force diverse defendants into state court whenever the case also involves a new state regulatory or statutory scheme. This is not the state of the law.

*Burford* abstention is not implicated every time a locality proceeds under a newly created law or brings a suit touching upon an issue it claims is "novel." Expanding *Burford* abstention in such a manner would create a loophole for litigants to deprive diverse defendants of their right to access federal courts for cases that otherwise plainly (and, in this case, indisputably) belong in federal court in contravention of the federal courts' "virtually unflagging" duty to exercise their jurisdiction. *Lexmark Int'l, Inc. v. Static Control Components, Inc.*, 572 U.S. 118, 126 (2014); *see also Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 728 (1996) ("[T]he power to dismiss recognized in *Burford* represents an **extraordinary and narrow** exception to the duty of the District Court to adjudicate a controversy properly before it.") (emphasis added and cleaned up).[1]

This was not the City's only shift in its Reply. Although the City initially argued that *Burford* abstention applies because regulation of gambling lies at the heart of a **state's** police power (Mot. at 8-12), the City now focuses on a new theory: *Burford* applies because this is "a civil

---

[1] The City's attempt to expand this doctrine is further evidenced by the fact that, as recently as August 6, 2025, the City raised similar *Burford* abstention arguments in a case in which it asserts the same Baltimore Consumer Protection Ordinance against companies who market oral nicotine products. *See City of Baltimore v. Philip Morris Int'l, Inc., et al.*, Case No. 1:25-cv-02177 (D. Md. Aug. 6, 2025) (Docket No. 19-1).

enforcement action brought by a ***local*** government to enforce a ***local*** law." Reply at 2 (emphasis

added). This shift does not help the City's argument. The Fourth Circuit has extended *Burford* to

local ordinances only in the narrow context of zoning regulations, and there only on the basis that

municipal zoning boards rely on complex "procedures, programs, statutes, regulations, planning

boards, … officials" to reach "administrative determinations" about quintessential local issues.

*See Meredith v. Talbot Cty., Md.*, 828 F.2d 228, 232 (4th Cir. 1987).[2]

    Here, in contrast, there is no local administrative process, planning board, or other policy-

making bodies at issue. The Baltimore City Ordinance simply establishes a general statutory right

of action, which expressly piggybacks on a similar right long-existent under state statute.[3] In other

words, this case concerns straightforward application of a city ordinance, just like countless others

where federal courts have jurisdiction, not the type of ***complex*** local issues "of peculiar concern

to Baltimore City" to which *Burford* may apply. *Neufeld v. City of Baltimore*, 964 F.2d 347, 351

(4th Cir. 1992) (reversing application of *Burford* abstention to Baltimore City's enforcement of a

local ordinance).

    For these reasons, and the reasons set forth more fully in Defendants' Opposition,

Defendants request that the Court deny the City's Motion to Remand.

---

[2] Other Circuits have held *Burford* does not apply to local, as opposed to state, ordinances at all. *See Saginaw Hous. Comm''n v. Bannum, Inc.*, 576 F.3d 620, 628 (6th Cir. 2009); *Heritage Farms, Inc. v. Solebury Twp.*, 671 F.2d 743, 748 (3rd Cir. 1982).

[3] The City notes that "[n]o Maryland court has yet interpreted Baltimore's CPO in any context." Reply at 9. But, as the City acknowledges, the "CPO parallels and explicitly incorporates Maryland's Consumer Protection law." *Id.* at 4. Both state and federal courts have interpreted Maryland's consumer protection law for decades. *See e.g., Mohamed v. Bank of Am., N.A.*, 771 F. Supp. 3d 695, 706 (D. Md. 2025); *Marchese v. JPMorgan Chase Bank, N.A.*, 917 F. Supp. 2d 452, 464 (D. Md. 2013); *Penn-Plax, Inc. v. L. Schultz, Inc.*, 988 F. Supp. 906, 909 (D. Md. 1997). In any case, federal courts can and commonly do decide unsettled questions of state law. *See Talkington v. Atria Reclamelucifers Fabrieken BV*, 152 F.3d 254, 260-61 (4th Cir. 1998) (collecting cases and noting that when federal courts are sitting in diversity and the state law "[i]s not quite clear," the federal courts are tasked with ruling as "[i]t appears the state court would rule.").

Dated:  August 8, 2025                    Respectfully Submitted,

**COVINGTON & BURLING, LLLP**

*/s/ Nicole Agama*
Nicole Agama (Bar No. 31615)
Gary M. Rubman*
Phyllis A. Jones*
Andrew P. Stanner*
Amber M. Charles*
COVINGTON AND BURLING, LLP
One CityCenter
850 10th Street NW
Washington, D.C., 20001
(202) 662-6000
mimbroscio@cov.com
pajones@cov.com
grubman@cov.com
astanner@cov.com
acharles@cov.com
nagama@cov.com

*Admitted pro hac vice*

**Attorneys for Flutter Entertainment plc**

**COBLENTZ PATCH DUFFY & BASS LLP**

*/s/ Richard R. Patch***
Richard R. Patch*
Clifford E. Yin*
Christopher J. Wiener*
Sarah E. Peterson*
One Montgomery Street, Suite 3000
San Francisco, California 94104
Telephone: (415) 391-4800
ef-rrp@cpdb.com
ef-cey@cpdb.com
ef-cjw@cpdb.com
ef-sep@cpdb.com

*Admitted pro hac vice*

3

*\*\*Signed by Nicole Agama with permission of Richard R. Patch*

**BAKER, DONELSON, BEARMAN, CALDWELL, & BERKOWITZ, PC**

<u>*/s/ Ty Kelly Cronin*</u>**
Ty Kelly Cronin (Bar No. 27166)
Alison C. Schurick (Bar No. 19770)
Michael A. Brown (Bar No. 20814)
100 Light Street, 19th Floor
Baltimore, MD 21202
Telephone: (410) 862-1134
tykelly@bakerdonelson.com
aschurick@bakerdonelson.com
mbrown@bakerdonelson.com

*\*\*Signed by Nicole Agama with permission of Ty Kelly Cronin*

***Attorneys for DraftKings Inc.***

4

## <u>CERTIFICATE OF SERVICE</u>

I certify that on August 8, 2025, I electronically filed the foregoing document (including exhibits) via CM/ECF on all counsel of record.

*/s/ Nicole Agama*
Nicole Agama
